IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT J. SCOTT | : | CIVIL ACTION |
| | : | |
| v. | : | No. 12-7189 |
| | : | |
| SUPERINTENDENT BRIAN THOMPSON, et al. | : : | |

**ORDER**

AND NOW, this 18th day of August, 2014, upon careful and independent consideration of Petitioner Robert J. Scott's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and upon de novo review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart and Scott's objections thereto, it is ORDERED:

1. Scott's Objections to the Report and Recommendation (Documents 23 & 24) are OVERRULED;[1]

---

[1] Under 28 U.S.C. § 636(b)(1), this Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." Of the four claims asserted in his habeas petition, Scott objects to the Report and Recommendation's conclusions regarding two. First, he continues to maintain that habeas relief is warranted because the sentence imposed was excessive in relation to the two crimes to which he pleaded guilty; second, he maintains those crimes should have been merged into one for sentencing purposes.

Scott focuses at length on what he believes was the state court judge's abuse of discretion in imposing a sentence at the statutory maximum. As Judge Hart recognized, however, a challenge to a state court's exercise of discretion at sentencing, which is purely a matter of state law, is not reviewable in a federal habeas proceeding. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law." (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1984))); *see also Jones v. Superintendent of Rahway State Prison*, 725 F.2d 40, 43 (3d Cir. 1984) (finding state court's decision to impose on defendant a longer sentence than that imposed on a codefendant was an issue of state law not cognizable in habeas proceeding). Thus, to the extent Scott's claims are predicated on perceived state law errors, he has no basis for habeas relief. Scott also contends the sentence in his case violated the Eighth and Fourteenth Amendments. Although Scott did not present these federal claims to the state court, this Court need not address the exhaustion requirement because the federal claims are without merit. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies

    2.    The Report and Recommendation (Document 19) is APPROVED and ADOPTED;

---

available in the courts of the State."); *Taylor v. Horn*, 504 F.3d 416, 427 (3d Cir. 2007) ("[B]ecause we will deny all ... claims on the merits, we need not address exhaustion.").

    With regard to the Eighth Amendment claim, the record indicates that this is not one of the "exceedingly rare" cases in which the imposed sentence is grossly disproportionate to the severity of the crimes at issue. *See Rummel v. Estelle*, 445 U.S. 263, 272 (1980). Generally, a sentence like Scott's that falls within "the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." *United States v. Miknevich*, 638 F.3d 178, 186 (3d Cir. 2011); *see also Townsend v. Burke*, 334 U.S. 736, 741 (1948) ("The sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus."). Because the sentence falls within the limits set by statute and there is no gross imbalance between the crimes and the sentence, Scott's Eighth Amendment claim fails. *See United States v. MacEwan*, 445 F.3d 237, 248 (3d Cir. 2006) ("If the defendant fails to show a gross imbalance between the crime and the sentence, our analysis is at an end.").

    Scott's due process claim is without merit because his grievances regarding his sentence bear on matters of state law and "errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." *Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3d Cir. 1997); *accord Estelle*, 445 U.S. at 482 ("Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation." (quoting *Dowling v. United States*, 493 U.S. 342, 353 (1990))). The Third Circuit has held the Fourteenth Amendment does not confer a due process right to the correct determination of issues of state law involving sentencing. *Jones*, 725 F.2d at 43. And though Scott references an equal protection violation in his objections, he does not contend that any aspect of his sentence "was the result of discrimination based on race, sex, or similar grounds which would implicate the federal constitution." *Id*.

    Scott also argues the two crimes to which he pleaded guilty—sexual assault and indecent assault of a person less than thirteen years of age—should have been merged for sentencing purposes. The Commonwealth maintained Scott has not alleged any constitutional basis for this argument, but this is incorrect; Scott's petition states that the failure to merge the two sentences "appear[s] to violate the Double Jeopardy [C]lause." Pet. Ex. F ¶ 40 (ECF 1-7). The Double Jeopardy Clause "protects against multiple punishments for the same offense." *Ohio v. Johnson*, 467 U.S. 493, 498 (1984). The Superior Court ruled, however, that the sentences do not merge because the acts underlying each crime were separate and distinct and the elements of indecent assault are not subsumed by the elements of sexual assault. Accepting the Superior Court's ruling as a matter of state law, *Estelle*, 502 U.S. at 67, this Court concludes the charged offenses were not the same in law and in fact; therefore, the Double Jeopardy Clause is not implicated. *See United States v. Finley*, 726 F.3d 483, 495 (3d Cir. 2013) ("In order for multiple punishments to constitute a double jeopardy violation, the multiple charged offenses must be the same in law *and* in fact."); *see also Johnson*, 467 U.S. at 499 n.8 ("[I]f it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end.").

    For these reasons and for the reasons set forth in the Report and Recommendation, Scott's objections are overruled.

3.      Scott's petition for writ of habeas corpus (Document 1) is DENIED;

4.      Because there has been no substantial showing of the denial of a constitutional right warranting the issuance of a certificate of appealability, Scott's Motion for a Certificate of Appealability (Document 22) is DENIED; and

5.      The Clerk of Court is DIRECTED to mark this case CLOSED.

                                      BY THE COURT:

                                      /s/ Juan R. Sánchez
                                      Juan R. Sánchez, J.